UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JULIE REISING, as Personal Representative of the Ancillary Estate of David Comey, MADISON COUNTY, ILLINOIS, and CHRIS SLUSSER, County Treasurer for Madison County, Illinois,<br><br>      Defendants. | Case No. 24-cv-1142-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for entry of judgment on Count 2 pursuant to Federal Rule of Civil Procedure 54(b) jointly filed by the plaintiff United States of America and defendant Julie Reising, Personal Representative of the Ancillary Estate of David Comey ("Estate") (Doc. 54).  Count 2 of the Second Amended Complaint is a claim for a money judgment against the Estate for unpaid federal income taxes from 2001 to 2009.  Defendants Madison County and Chris Slusser, Country Treasurer for Madison County, are not parties to Count 2.

The United States and Reising have jointly stipulated to a Rule 54(b) judgment on Count 2 for the amount alleged in the Second Amended Complaint to be due to the United States, $519,550.44, plus interest and statutory additions from October 21, 2024.  This claim is legally distinct from the claims in Count 1 for enforcement of a judgment lien against real property, the Bender Farm, held by the Estate and in Count 3 for damages against Madison County related to an easement on part of the Bender Farm purported to have been orally conveyed to Madison County for which it did not pay.  Count 3 is conditioned on the proceeds derived in the sale of the Bender Farm in Count 1.  The stipulation also contains the agreement of Reising that the United States is entitled to judgment on Count 1, but since Madison County remains a party to that claim, judgment is not appropriate at this

time.

Rule 54(b) permits a federal court to "direct entry of a final judgment as to one or more, but fewer than all, claims" when the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  When the Court determines whether there is any just reason for delay, it must take into account the interests of judicial administration and the equities involved.  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *Rankins v. Sys. Sols. of Kentucky, LLC*, 40 F.4th 589, 592 (7th Cir. 2022).  In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

In a status conference on March 17, 2025, the parties informed the Court that entry of a stipulated Rule 54(b) judgment on Count 2 would facilitate the settlement of Counts 1 and 3.  The three claims are only related in that they involve the Bender Farm, either by the execution of judgments on it or by an encumbrance of it.  Further, there will be no appeal of Count 2 since the parties have stipulated to the judgment.  Therefore, there is no danger of piecemeal appeals in this case. In these circumstances, the Court finds there is no just reason to delay entry of judgment on Count 2.

For these reasons, the Court **GRANTS** the motion for entry of a Rule 54(b) judgment on Count 2 (Doc. 54) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  March 17, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**